**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHARLES WOLFE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:21-CV-396 AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the United States of America's Motion to Dismiss Petitioner's Untimely Motion to Vacate, Set Aside, or Correct Sentence. ECF No. 3. For the reasons discussed below, the motion will be denied, and a Case Management Order will be issued by separate order.

On March 30, 2021, the Court received a motion from petitioner seeking a 60-day extension of time to file a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The filing contained no case number and there was no open § 2255 case for petitioner, so the filing was docketed in one of petitioner's criminal cases in this Court. *See USA v. Palmer et al.*, No. 4:14-cr-175-AGF-4, ECF No. 764 (E.D. Mo. filed June 5, 2014). Petitioner placed the motion for extension of time in the prison mail system sometime before March 19, 2021, as it was postmarked that date. *Id.* at ECF No. 764 at 4.

In response to the motion for extension, the Court issued a Memorandum and Order on April 2, 2021 in the criminal case, directing that petitioner either consent to the reclassification of the motion for extension as a motion brought under 28 U.S.C. § 2255, or that petitioner withdraw the motion. *Id.* at ECF No. 766. The Court explained that, under the one-year limitation period

for filing a § 2255 motion, petitioner needed to file a motion under § 2255 by March 23, 2021, for it to be considered timely filed. *Id.* at 2. Furthermore, the Court found that the allegations contained in the motion for extension of time were sufficient to be liberally construed to support a § 2255 claim, and the motion was timely filed before the expiration of the one-year period. As such, the Court said it would construe the motion for extension as a § 2255 motion, unless petitioner notified the Court that he did not consent to such construction.

On the same date that the Court issued this Order in petitioner's criminal matter, the Clerk's Office received a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 from petitioner, and as a result, the instant § 2255 case was opened. ECF No. 1. In his Motion, petitioner seems to elaborate on the claims of ineffective assistance of counsel raised in his motion for extension of time. A week later, the Court received a supplement to petitioner's Motion to Vacate. ECF No. 2. In the supplement, petitioner clarified that his § 2255 Motion is intended to apply to both of his criminal cases (4:14-cr-152-RWS and 4:14-cr-175-AGF) and that he no longer needs additional time to supplement his filings. *Id.*; ECF No. 2-1 at 1.

Based on the filings before the Court, it seems that petitioner would like his initial motion for extension of time to be construed as a § 2255 Motion so that his case can be considered timely filed. *See also* ECF No. 4 at 1 (wherein petitioner states: "As I read the memorandum & order, it appears that the Motion filed [by] the 23rd of March, will be submitted to the Court under 28 U.S.C. § 2255."). As such, the Court will direct the Clerk of Court to docket the motion for extension (*USA v. Palmer et al.*, No. 4:14-cr-175-AGF-4, ECF No. 764) in the instant case as petitioner's initial § 2255 Motion. Petitioner's subsequently filed Motion in this case (ECF No. 1) will be re-titled as his Amended Motion to Vacate, and the later supplemental filing (ECF No.

2

2) will be considered a supplement to the Amended Motion.

In the United States' Motion to Dismiss this matter as untimely, the respondent states that petitioner's § 2255 Motion was filed on April 2, 2021 – which would be outside the one-year limitation period. ECF No. 3 at 1. However, as discussed in the Court's Order issued in petitioner's criminal matter, the Court finds that petitioner's motion for an extension of time, now construed as a § 2255 motion, was timely filed to initiate this action. As such, USA's motion to dismiss based on untimely filing (ECF No. 3) will be denied.

Finally, because petitioner no longer seeks an extension of time for additional filings, the Court will issue a Case Management Order by separate order in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to file docket number 764 in *USA v. Palmer et al.*, No. 4:14-cr-175-AGF-4, in the instant matter as petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that the Clerk of Court shall rename docket number 1 in this matter as "Amended Motion to Vacate, Set Aside, or Correct Sentence."

**IT IS FURTHER ORDERED** that the Clerk of Court shall rename docket number 2 in this matter as "Supplemental to Amended Motion to Vacate, Set Aside, or Correct Sentence."

**IT IS FURTHER ORDERED** that petitioner's § 2255 Motion shall relate to both Case No. 4:14-CR-175-AGF-4 and Case No. 4:14-CR-152-AGF-5.

**IT IS FINALLY ORDERED** that the United States' Motion to Dismiss [ECF No. 3] is **DENIED**.

Dated this 21st day of April 2021.

                                                                    */s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE